# CHARLESTON.

*Ex Parte* Porter Vass and J. W. Lucas.

Submitted January 25, 1922. Decided February 7, 1922.

1. Criminal Law—*Judgment of Fine and Imprisonment in Other County and to Work on Public Roads Held Not Void.*

    A judgment of fine and imprisonment and to work on the public roads, pursuant to section 48 of chapter 112 of the Acts of 1921, the road law, is not void as being in excess of the jurisdiction of the court, because, as properly interpreted, such judgment, in recognition of a contract between the county court of the same county and that of an adjoining county entered into in accordance with the *proviso* of section 49 of said act, also orders that the sheriff of the county where convicted remove the prisoner from the jail of his county to the jail of an adjoining county there to be held for the period

90 W. Va.

of his imprisonment and required to work on the roads of
that county under the supervision of the sheriff and road
officials of that county.  (p. 222).

2.   HABEAS CORPUS—*Prisoner Under Judgment Partly in Excess
     of Jurisdiction.*

     But should such judgment be considered as in excess of the
     jurisdiction of the court in so far as it undertakes to order
     a prisoner to be worked on the roads of such adjoining county,
     he would not be entitled to his discharge from custody on
     habeas corpus.  He should then simply be remanded to the
     custody of the proper officer to have the judgment against
     him not in excess of the Court's jurisdiction properly executed.
     (p. 224).

Application for habeas corpus by Porter Vass and J. W.
Lucas against W. J. Hatfield, Sheriff.

                 *Writ refused, and petitioners remanded.*

*Froe & Capehart,* for petitioners.
*G. L. Counts,* for respondent.

MILLER, JUDGE:

Petitioners by habeas corpus seek their discharge from im-
prisonment, alleging that they are being illegally held in
custody and required to work on the public roads of Mc-
Dowell County by the Sheriff of that county.

The petitioners admit that they were both tried and con-
victed of misdemeanors in Monroe County, Vass by confes-
sion, and Lucas by trial and conviction by the verdict of a
jury; and it is not denied that they might have been,  as
they in fact aver, both adjudged to pay fines and be im-
prisoned in the county jail of Monroe County and to work
on the public roads, but being citizens and residents of Mon-
roe County, they deny the right and authority of the circuit
court of that county, after adjudging them to pay fines and
be imprisoned in the county jail of that county, to further
order that they be delivered to the jailor of McDowell Coun-
ty and required to work on the roads of that county until
their terms of imprisonment shall be ended and the fines
and costs imposed upon them respectively should be paid.

In his return the sheriff of McDowell County answers that

petitioners were both delivered into his custody by the sheriff of Monroe County and were being detained in the jail and worked on the public roads of his county, by virtue of the judgments of conviction and imprisonment of the circuit court of Monroe County and an agreement entered into between the county court of Monroe County and the county court of McDowell County, providing for the working of prisoners of the former county on the county roads of the latter under the supervision of the county road engineer, copies of which judgments of the circuit court and of the orders of the said county courts aforesaid, evidencing said contract or agreement, were filed with and made a part of his return.

By the judgments of the circuit court of Monroe County so exhibited it appears that the judgment against the petitioner Vass was that he be confined in the jail of Monroe County for the period of nine months from the date of the judgment, pay a fine of $5.00 and the costs, and that he work on the county roads at hard labor; and that the petitioner Lucas pay a fine of $50.00 and costs, and be confined in the county jail at hard labor for the period of sixty days. And the judgment in each case, in addition to imposing the fine and imprisonment aforesaid, also further recited and ordered that, as the county court of Monroe County by the contract aforesaid had agreed with the county court of McDowell County for working the prisoners sentenced by the circuit court of said county on the roads of McDowell County, it was further ordered in each case that the said petitioner should be removed from the county jail of Monroe County to the jail of McDowell County and there confined and required to work on the county roads of that county, as by the statute of this state it is provided, and under the supervision of the sheriff and road officials of said county.

The facts are not controverted; but the sufficiency of the return of the sheriff is challenged, mainly upon two grounds: First, that the alleged contract between the county courts of the two counties involved was manifestly made pursuant to section 18, chapter 39A Barnes' Code of West Virginia 1918, the so-called Workhouse Statute, and that in passing sentence upon the prisoners the court undertook to follow

section 27a, chapter 152 of the Code, and subsections (1), (2), (3), (4), and (5) thereof, whereas, it is argued, the whole subject of working prisoners upon the public roads is now controlled by chapter 112, Acts 1921, relating to public roads, a comprehensive statute upon the subject, and whereby, it is contended, the provisions of the prior statutes referred to became superseded or repealed: Second, that while by section 48 of the said chapter 112, Acts 1921, the circuit court of Monroe County might lawfully have sentenced petitioners to imprisonment in the county jail and to work on the county roads of that county, the walls of the jail to that end being, by section 49 of said act, extended to the border lines of said county, the court could not by virtue of any provision of this statute sentence them to confinement in the jail of any other or adjoining county or to be worked on the public roads of a county other than that of conviction, but that if worked outside of such county, it could only be done pursuant to the proviso of section 49 of said chapter 112, Acts 1921, by the specific order of the county court upon the same terms and conditions and under the same rules and regulations then governing their employment in the county where convicted, and for which the county court of Monroe County, so far as the record showed, had made no provision.

What specific provisions of prior statutes may have been amended or repealed by chapter 112, Acts 1921, it will be unnecessary for us to decide for the purposes of this case. Both propositions of counsel just stated assume that the contract between the county courts of Monroe and McDowell counties referred its authority to sections 18 and 19 of chapter 39A of the code, the so-called Workhouse Statute. But that agreement was made after chapter 112, Acts 1921, took effect, and it may as well be referred to that act perhaps as to any prior authority. It provides in effect that thereafter the county court of Monroe County would have all prisoners who might be sentenced by the circuit court of that county or by any magistrate thereof whose confinement under such sentence should be thirty days or more, worked on the county roads of said McDowell County during their term of confine-

ment and until the fines and costs adjudged against them. should be paid, and upon the terms agreed to respecting the transportation of such prisoners from the jail of one county to the jail of the other, as provided by section 18 of chapter 39A of the Code.

While neither section 48 nor section 49 of chapter 112, Acts 1921, authorizes the circuit court to sentence prisoners to confinement in the jail or to work on the public roads of any county other than the county where convicted, said proviso of section 49 makes it lawful for the county court to employ such prisoners outside of the county where convicted, under the same rules and regulations as govern their employment in the county where convicted, that is, as provided by said section 48, ''under the direction of the county road engineer, or other representative of the county court having such work in charge, during the time of such imprisonment, and until said fine and costs are satisfied,'' and any other provision of the law applicable, if any.

It is true, that after sentencing the prisoners to pay fines and costs and to be imprisoned and to work on the county roads, the court proceeded to recite in its orders the existing contract between the two counties respecting the working of prisoners, and also to order that the sheriff of Monroe County remove the prisoners from the jail of that county to the jail of McDowell County, where they should be held for the period of their confinement and requiring them to work on the roads of that county under the supervision of the sheriff and road officials of that county.  Properly construed these supplemental orders should be interpreted as amounting to no more than that the judgments and sentences pronounced against the accused might be executed and satisfied in McDowell County, in accordance with the provisions of the contract between the two counties.

Counsel refer us to the case of *State* v. *Austin,* (N. C.), 128 S. E. 361, in support of their contention, that the circuit court was without authority to sentence petitioners to work on the public roads other than in the county where convicted. A North Carolina statute specifically provided that no convicts should be hired, sent or sentenced by any court to work

outside of their respective counties. But another statute clothed the county commissioners of Yancey County and some others with authority to work or hire out convicts to work on the roads of their counties, but does not in terms, authorizes the court or a justice to sentence convicts to work on the roads of their counties, but does not in terms, as does the North Carolina statute, affirmatively inhibit them from sentencing convicts to work outside of their counties. In the case at bar, the judgments as construed were not in excess of jurisdiction, for they sentenced petitioners to work on the roads of Monroe County. The supplementary parts of the judgments but gave recognition to the prior. agreement of the county courts and permitted the exeution of the judgments, pursuant to the contract, in McDowell County. But assuming that the supplementary orders were without authority and in excess of jurisdiction, this construction would not warrant the discharge of the petitioners on habeas corpus. In that situation all we could do would be to remand the petitioners to the custody of the proper officer to have the judgments against them not in excess of the court's jurisdiction, as properly entered upon the confession of guilt in the one case and the verdict of the jury in the other, properly executed. *Ex Parte Barr,* 79 W. Va. 681; *Re William W. Taylor,* (S. D.), 45 L. R. A. 136, and note.

The writ prayed for will therefore be denied, and the petitioners stand committed to the custody of respondent.

*Writ refused and petitioners remanded.*