## . CHARLESTON.

### Ex Parte Page.

Submitted January 21, 1916.  Decided January 25, 1916.

1. Criminal Law—*Justices of the Peace—Jurisdiction.*

   While justices of the peace have concurrent jurisdiction within their county of criminal proceedings cognizable by them. the one first issuing the warrant has the exclusive right to hear and determine the case.  (p. 469).

2. Same—*Habeas Corpus—Right of Discharge—Person Held Under Voidable Judgment—Justices of the Peace.*

   But if after one justice has acquired jurisdiction of a prosecution another justice of the same county, assuming to act under a warrant issued by him against the same person for the same offense, tries the accused and sentences him to imprisonment, notwithstanding the pendency of the first proceeding, his judgment is erroneous only, and not void; and the person detained pursuant to such sentence can not be discharged therefrom upon writ of habeas corpus.  (p. 469).

. 3. Habeas Corpus—*Right to Discharge—Void Judgment.*

   A sentence of fine and imprisonment, on conviction, for an offense for which the punishment prescribed is a fine or imprisonment, is unauthorized and void; and the person detained thereunder may be discharged therefrom by such writ.

Habeas corpus by Charles Page against J. F. Johnson, Sheriff, etc.

*Prisoner discharged.*

*Joseph M. Crockett,* for petitioner.

*F. C. Cook,* for respondent.

Lynch, Judge:

By petition to this court for writ of habeas corpus, Charles Page avers that he is imprisoned unlawfully, by J. F. Johnson as sheriff, in the jail of McDowell county. He alleges that, on January 3, 1916, he was arrested, upon a warrant issued by E. S. Crockett, a justice of that county, charged with a violation of §36, ch. 10, Acts 1915, prohibiting the solid shooting of coal, and was taken promptly before said justice, who continued the case until January 10, 1916, the accused

77 W. Va.

then entering into a recognizance for his appearance at the time and place fixed for trial; that in the meantime, notwithstanding the pendency of the prosecution before Crockett, then undetermined, petitioner was re-arrested for the same offense, upon a warrant issued by A. C. Hufford, another justice of the county, who after refusal of a continuance on motion of the accused and his affidavit of a just defense, tried him for the offense charged, fined him fifty dollars, and sentenced him to work on the county roads for ninety days. Petitioner prays a release from the alleged unlawful confinement.

Responding to the writ awarded and duly served, actual production of the prisoner before this court being waived, Johnson, as sheriff and jailer, filed a written return, wherein he says he detains the petitioner "by reason of a commitment issued by A. C. Hufford, a justice of the peace of McDowell county, directed to this respondent, requiring that he receive and keep said Charles Page in said jail for the period therein set out".

The *mittimus* to the sheriff is not, as averred, exhibited with the return, or otherwise filed in this court: A transcript of the proceedings before justice Hufford is lodged with the papers in the case, but is in nowise identified as an exhibit in the petition or return. And, while the fact of imprisonment is stated in the petition and admitted in the return, the cause therefor, whether default as to payment of fine or labor on the public roads, or only imprisonment in the county jail, or other reason, nowhere appears.

But, treating the transcript as properly identified and a part of the file together with the petition and return, it is apparent that, although the penalty prescribed by the statute for a violation of its provisions is either a fine or imprisonment, the justice fined and imprisoned petitioner, or fined and sentenced him to work on the county roads for a definite and fixed period and while so laboring to be confined in the jail of the county, and not merely until the compensation allowed therefor was sufficient to discharge the fine imposed and the costs of the prosecution. So that, in either event, the sentence is in excess of the jurisdiction of a justice, and as to such excess wholly void.

Were the sentence severable, as it was in *Ex parte Mooney,* 26 W. Va. 36, and had the justice jurisdiction of the person and of the offense charged, a similar disposition of the petitioner could be effected here as there. But the sentence is not severable. The excessive sentenc warrants his discharge from custody, but not from the warrant under which he was arrested.

Petitioner, however, while not basing his right to a discharge on the grounds discussed, bases it on the theory that Hufford was without jurisdiction of the person of petitioner or of the offense charged, and hence could not render the judgment under which he is confined, because of the previous arraignment before justice Crockett on a warrant charging the same offense and a recognizance entered into by petitioner for his appearance before Crockett to answer the charge on a subsequent date.

The jurisdiction of justices of the peace is co-extensive with the county, and concurrent as to all matters cognizable by them. But, although concurrent, the rule that the court which first acquires jurisdiction of any proceeding should be permitted to proceed unmolested to a final determination of all the matters involved applies alike to courts of record and inferior courts, including justices of the peace. Under this rule, Hufford improperly issued the second warrant and undertook to try petitioner, if at the time he knew or was advised of the proceedings before Crockett. If so advised, he arbitrarily and wilfully assumed a jurisdiction which did not rightly belong to him, and thereby subjected himself to just criticism. Indeed, in these circumstances his conduct was reprehensible. But whether he did possess such knowledge, or whether it was in any regular way brought to his attention, the record does not disclose. If it was, however, he had authority to decide whether he properly acquired jurisdiction to try petitioner. If he decided he had, when in fact he did not have, such jurisdiction, he committed an error reviewable upon appeal to the circuit or criminal court, and thence by writ of error to this court if necessary. But mere error in determining questions of jurisdiction in a criminal case by a court of record or justice does not authorize a discharge of the accused on writ of habeas corpus. It is not an appellate

process, but is operative only where one is detained unlawfully upon a void judgment or process or the tribunal rendering the judgment exceeds its lawful authority. *Ex parte Evans,* 42 W. Va. 242; *Ex parte Mooney, supra.*

But for other reasons assigned we are of opinion to discharge petitioner from the effect and operation of the judgment and from the imprisonment based thereon, but not from the warrant charging the offense of which he was convicted.

*Prisoner discharged.*