# CHARLESTON.

## Ex Parte Barr.

Submitted October 31, 1916.   Decided November 1, 1916.

(Opinion filed February 27, 1917.)

1. HOMICIDE—*Misdemeanor—Imprisonment.*
    By section 9, chapter 152, and section 4, chapter 144, Code 1913, conviction of an attempt to commit voluntary manslaughter is but a misdemeanor, and a judgment on such verdict of imprisonment in the penitentiary is void. Explaining *State* v. *Ballard,* 55 W. Va. 379.   (p. 682).

2. HABEAS CORPUS—*Void Sentence—Imprisonment.*
    One so convicted and sentenced may be discharged from such illegal and void sentence on writ of habeas corpus.   (p. 683).

Habeas corpus by O. D. Barr.

*Petitioner discharged from an illegal sentence and remanded.*

*A. R. Stallings* and *J. W. Harman,* for petitioner.

*Wayne K. Pritt* and *A. A. Lilly,* Attorney General, and *J. E. Brown,* Assistant Attorney General, for respondent.

MILLER, JUDGE:

On an indictment for an attempt to commit murder petitioner was found guilty of an attempt to commit voluntary manslaughter, upon which verdict the court adjudged that he be confined in the penitentiary for one year, and from which judgment of imprisonment petitioner seeks discharge upon a writ of habeas corpus.

The indictment was found under section 9, chapter 152, Code 1913, providing: "Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be punished as follows: If the offense attempted, be punishable with death, the person making such attempt shall be confined in the penitentiary not less than one nor more than five years. If it be punishable by confinement in the penitentiary, he shall be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars. If it be punishable by confinement in jail, or fine, he shall be confined in jail not more than six months, or fined not exceeding one hundred dollars."

Section 4, chapter 144, Code 1913, provides, respecting the offense of which petitioner was found guilty, that: "Voluntary manslaughter shall be punishable by confinement in the penitentiary not less than one year nor more than five years."

As the offense of voluntary manslaughter is punishable only by confinement in the penitentiary, and not by death, it is quite clear that an attempt to commit voluntary manslaughter is but a misdemeanor, an offense punishable by confinement only in the county jail, and by a fine, as prescribed by the statute.

The statute seems very plain on this question, and there would seem to be no room for doubt, but for an inadvertent expression in *State* v. *Ballard,* 55 W. Va. 379. That case was disposed of here upon the merits. Defendant as in this case was indicted for an attempt to commit murder, and found guilty of an attempt to commit murder in the second degree. If guilty as found by the jury the offense was a misdemeanor punishable by confinement in the county jail and by a fine, and the judgment of the court went accordingly.

But on writ of error to this court it was found that under the facts and circumstances proven defendant if the shot had proven fatal would not have been guilty either of murder in the second degree or voluntary manslaughter, and the judgment was reversed, the verdict set aside and the case remanded for a new trial. The expression in the opinion that: "The law affixes the same punishment to a conviction for an attempt to commit either murder in the second degree, or voluntary manslaughter" is correct, but it was an inadvertence to say that either of those offenses was punishable by confinement in the penitentiary. Clearly the judgment of imprisonment in the penitentiary is void, the offense being only a misdemeanor.

But jurisdiction to discharge the prisoner upon habeas corpus is challenged; the remedy it is said is by writ of error, not habeas corpus. It is well settled that habeas corpus cannot be permitted to perform the function of an appeal or writ of error to review the errors or irregularities of a court of competent jurisdiction. But it is equally well settled if the judgment under which one is restrained of his liberty is void it may be assailed collaterally and that habeas corpus is the proper remedy. 12 R. C. L. p. 1196, and cases cited in note. And the same authority, at page 1209, lays it down that: "If the vice of a sentence is not merely that it is of excessive duration but that it is of an entirely different character from that authorized by law, it is generally held that such sentence is void, and that the prisoner will be discharged on habeas corpus," citing note, 7 Ann. Cases, 145. These authorities hold, however, with our case of *Ex Parte Mooney,* 26 W. Va. 36, that if any part of the sentence is legal the prisoner will not be discharged in toto, or so long as the legal portion of the sentence has not been paid or served. Otherwise if the entire sentence is void.

The judgment entered here on a former day discharging the petitioner from the illegal and void sentence, but remanding him to the custody of the sheriff, to be further proceeded against and for a proper judgment upon the verdict of the jury, we think fully sustained by the authorities.

*Petitioner discharged from illegal sentence and remanded.*