# CHARLESTON.

*Ex Parte:* E. L. Brinkman.

Submitted March 12, 1923.   Decided March 12, 1923.
Opinion Filed March 20, 1923.

1. Criminal Law—*Offense Committed in County Where Second Marriage, Constituting the Crime, is Consummated.*

Under section 1, chapter 149, Code, providing that "Any person being married. who, during the life of the former husband or wife shall marry another person in this State, or if the marriage with such other person take place out of this State, shall thereafter cohabit with such other person in this State, shall be confined in the penitentiary not less than one nor more than five years", when the second marriage is celebrated within this State, the offense is· committed in the county in which such marriage takes place.   (p. 353).

2. Same—*Courts of County Where Second Marriage Solemnized Have Exclusive Jurisdiction.*

In such case the courts of the county in which such second marriage is solemnized alone have jurisdiction to try and punish the offender.   (p. 354).

3. Same—*One Held on Bigamous· Charge Committed in Another County Should be Discharged on Habeas Corpus.*

A person held in custody by the sheriff of Kanawha county

to await the action of the grand jury of that county, on a warrant issued by a justice of the same county, charging him with having entered into a bigamous marriage in Logan county and thereafter cohabiting with the spouse of such marriage in Kanawha county, should be discharged on habeas corpus.   (p. 355.)

Petition of E. L. Brinkman for a writ of habeas corpus to secure discharge from imprisonment.  Petitioner discharged.

*Geo. D. Moore,* for petitioner.

*H. W. Houston, C. J. Van Fleet,* and *T. C. Townsend,* for respondent.

Litz, Judge:

The petitioner by habeas corpus seeks discharge from imprisonment in the county jail of Kanawha county, where he is confined to await the action of the grand jury of that county on a charge of bigamy.

On the 25th day of February, 1923, petitioner was arrested in the city of Charleston, Kanawha county, and confined in the city jail on a warrant issued by W. W. Wertz, Police Judge of Charleston and ex-officio justice of the peace of Kanawha county, charging that he did, on the —— day of December, 1922, in the city of Charleston and county of Kanawha, "Unlawfully and feloniously commit bigamy with one, Osie Kirk, in this, to-wit: that on the———day of——— 1917 he legally married one, Violet Campbell, in the county of Franklin and State of Ohio, and without being legally or otherwise divorced from her did, on the —— day of —— 1922, marry one Osie Kirk, in the county of Logan, State of West Virginia, and did cohabit with the said Osie Kirk as his wife in the county of Kanawha and State of West Virginia."

At a preliminary hearing upon the warrant before the said W. W. Wertz, Police Judge and ex-officio justice of the peace, March 5th, 1923, the petitioner moved a dismissal of the warrant, and his discharge, on the ground that the offense was alleged to have been committed in Logan county; but the Justice overruled the motion and committed him to the jail of Kanawha county, where he is yet confined to await the action of the grand jury of that county.

Petitioner asserts in his petition that the warrant under which he was tried and held charges no offense against him in Kanawha county and, therefore, confers no jurisdiction upon any court of that county to try and punish him.

The offense of bigamy is purely statutory, and is defined in sec. 1, chapter 149, Code, as follows:

> "Any person being married, who, during the life of the former husband or wife, *shall marry another person in this State,* or if the marriage with such other person take place out of this State, shall thereafter cohabit with such other person in this State, shall be confined in the penitentiary not less than one nor more than five years."

The common law did not punish for polygamous marriage. 1 Bishop Crim. Law, sec. 502; Bishop on Statutory Crimes, sec. 579; 3 R. C. L. 796; 7 C. J. 1158.

Petitioner accordingly contends that if he is guilty under the statute, the offense was committed in the county of Logan, and that the courts of that county alone have jurisdiction to try and punish him. He admits that if the alleged bigamous marriage had occurred beyond the State, he could be prosecuted in any county in the State in which he had cohabited with the bigamous spouse; but asserts, as bigamy was not a crime at common law, and is made such only by statute, that when the bigamous marriage occurs within the State, the act of contracting or entering into the second marriage alone constitutes the offense, unless the statute under consideration expressly provides otherwise. This position is apparently sustained by unanimous authority.

"Cohabitation under the second marriage is not requisite, but the offense of bigamy is committed when the second marriage is solemnized." 7 C. J. 1162, citing numerous cases.

"The crime of bigamy is complete on the second unlawful marriage itself, and needs no sexual intercourse to fix the guilt of defendant. It is the conduct of defendant in marrying the second time which constitutes the crime, and it is the abuse of this formal and solemn contract which the law forbids because of its outrage upon public decency. It is the unlawful contract which is punished and the crime is complete when the ceremony is completed." 3 R. C. L. 804.

Then it is logical that, if the contracting or solemnizing of the second marriage alone constitutes and completes the offense, the crime of bigamy with which the petitioner is charged was committed in Logan county. Subsequent cohabitation under this marriage in Kanawha county would not confer jurisdiction on the courts of that county to try petitioner for bigamy.

In Bishop on Statutory Crimes, 3d Ed. sec. 586, it is said: "Since the offense consists of the second marriage it, like any other criminal act, must transpire within the locality of the indictment, as, says Hale: 'If A takes B to husband in England, and afterwards takes C to husband in Ireland, she is not indictable in England, because the offense was committed out of this kingdom.' So that, with us, where nothing in the statute otherwise provides, there can be no criminal prosecution out of the State and county wherein the second marriage was solemnized."

In the absence of statute providing otherwise, the offense of bigamy can be prosecuted only in the county in which the unlawful marriage was solemnized. The venue must be laid in that county. 7 C. J. 1167. To the same effect are the following cases: *State* v. *Fitzgerald,* 75 Missouri, 571; *Walls* v. *The State,* 32 Ark. 565; *Beggs* v. *The State,* 55 Ala. 108; *Brewer* v. *The State,* 59 Ala. 101.

But it is unnecessary to consider, in this case, the question of venue upon common law principle, as sec. 14, Article III of the State Constitution provides: "Trial of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, *and in the county where the alleged offense was committed,* unless upon petition of the accused and for good cause shown it is removed to some other county."

It has been held in the case of *State* v. *Lowe,* 21 W. Va. 782, and subsequent decisions, that section 12, chapter 152, Code, providing that, "An offense committed on the boundary line of two counties, or within one hundred yards thereof, may be alleged to have been committed, and may be prosecuted and punished in either county," is unconstitutional, null and void, as being in conflict with Section 14, Article III of our Constitution, in so far as it authorizes a crime to be prosecuted

and punished in a county in which the offense·was not committed.

It clearly appearing, then, that the courts of Kanawha county are without jurisdiction, to try the petitioner on a charge of bigamy committed in Logan county, is he entitled to be discharged on a writ of habeas corpus from custody in Kanawha county .under a commitment detaining him to await the action of the grand jury of the latter county on such charge?

Where a party is imprisoned under a judgment or order of court having no authority to make the order, or jurisdiction to pronounce the judgment, he can be discharged on habeas corpus. *Ex parte Mooney,* 26 W. Va. 36; *Ex parte Mylius,* 61 W. Va. 405; *Ex parte Evans,* 42 W. Va. 242; *Ex parte Page,* 77 W. Va. 467; *Ex parte Bracey,* 82 W. Va. 69; *State v. Emsmeller,* 78 W. Va. 214; *State ex rel. Constanzo v. Kindelberger,* 88 W. Va. 131; *Ex parte Nielsen,* 131 U. S. 176.

If the court trying an accused had jurisdiction of the person, *place* and subject matter and power to render the particular sentence, its judgment cannot be successfully impeached on habeas corpus; but if there is a want of any of these elements of jurisdiction the judgment is void and the prisoner may be discharged on habeas corpus. Church on Habeas Corpus, 2d. Ed., sec. 356.

Where the State constitution requires that an accused shall be tried in the county in which the offense is committed, such requirement is jurisdictional unless waived; and in case of trial and conviction in a different county, habeas corpus will lie for the discharge of the prisoner. Bailey on Habeas Corpus, sec. 46.

It appearing from the face of the record. in this case that the commitment under which petitioner is being held was issued by the justice in excess of his jurisdiction, the detention is unlawful, and petitioner is entitled to be discharged on habeas corpus.

*Petitioner discharged.*