# CHARLESTON.

JAMES P. MOUNT v. EMERY QUINLAN, *Jailer*

(No. 6110)

Submitted September 7, 1927.  Decided September 13, 1927.

CRIMINAL LAW— HABEAS CORPUS—*Sentence of Fine and Imprisonment, for Offense for Which Punishment is Fine or Imprisonment, is Void; Person Detained Under Sentence of Fine and Imprisonment, for Offense for Which Punishment*

*is Fine or Imprisonment, May be Discharged on Habeas Corpus.*

The third point of syllabus in *Ex parte Page*, 77 W. Va. 467, reading as follows: "A sentence of fine and imprisonment, on conviction, for an offense for which the punishment prescribed is a fine or imprisonment, is unauthorized and void; and the person detained thereunder may be discharged therefrom by such writ (habeas corpus)," is approved and applied.

(Criminal Law, 16 C. J. § 3208; Habeas Corpus, 29 C. J. § 46.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original application by James P. Mount for habeas corpus, to be directed to Emery Quinlan, keeper of the jail of the city of Huntington, to secure the release of his minor son, Clovis Mount.

*Prisoner discharged from custody.*

*F. W. Riggs,* for petitioner.
*Philip P. Gibson,* for respondent.

LIVELY, JUDGE:

This writ of habeas corpus is invoked by the petition of James P. Mount to the discharge from the custody of Emery Quinlan, keeper of the city jail of the municipality of the City of Huntington, his minor son, Clovis Mount.

From the petition for the writ, the return of the respondent to the writ, and agreed statement of facts, it appears that Clovis Mount was arrested by a policeman in the City of Huntington on August 27, 1927, without a warrant, and was taken before the police court where he was charged with the offense of driving a motor vehicle upon the streets of the city while being intoxicated, said charge being reduced to writing and entered upon the police register. Whether the arrest was made while the offense was being committed does not clearly appear. He was arraigned on said charge on August 29th, tried upon his plea of not guilty, found guilty, and was sentenced to pay a fine of $100.00 and to be confined for thirty days in the city jail. He was immediately committed to the jail and is now confined there. He has not

paid nor offered to pay the fine imposed. The city ordinance under which he was arrested, tried, convicted and sentenced, provides that, ''No person shall drive or operate any vehicle, motor driven or otherwise, upon any street, alley, avenue, road or boulevard of the city, when intoxicated or under the influence of liquor, drugs or narcotics.'' The penalty for violation subjects the offender to ''a fine of not less than $25.00 nor more than $100.00 or imprisonment in the city jail of not less than 10 days, and not more than 30 days, at the discretion of the Police Judge.''

Neither counsel for petitioner nor counsel for respondent have favored the court with a brief. The petitioner charges that his son is illegally detained, that the police judge had no jurisdiction to try the case; while respondent says the court had jurisdiction, and the detention is lawful. They agree upon the facts above stated, and submit the case without briefs or oral argument.

On the proposition that Clovis Mount was arrested and tried without a warrant, and therefore the court had no jurisdiction, we find that the pleadings and agreed statement do not negative the fact that he was arrested while in commission of the offense. A police officer in his municipality has the right to arrest without warrant for an offense committed in his presence. *State* v. *Long*, 88 W. Va. 669, 108 S. E. 279. Upon a collateral attack the presumption is in favor of the validity of the judgment. The law is tersely stated in the 3rd Volume of Freeman on Judgments (5th Ed.), page 3174, Sec. 1546, as follows: ''As to jurisdictional questions, a judgment under which the prisoner is held is aided by the same presumtions as in other cases of collateral assault. If the record is silent as to jurisdictional facts, jurisdiction is presumed. Any irregularity in the service of process or in making the arrest is immaterial. 'After final judgment of conviction, the jurisdiction of the court cannot be questioned by an inquiry into the manner in which the accused was brought before it; and this is true even though the prisoner had been kidnaped and forcibly brought before the court from a foreign jurisdiction.' ''

Under the charter of the city, and the ordinance referred to, the police court had jurisdiction to hear the case and inflict the punishment authorized and directed by the ordinance. Is the judgment and sentence authorized by the ordinance? The sentence imposes a fine *and* imprisonment; whereas, the ordinance authorizes a fine or imprisonment. If the sentence was severable as in *Ex parte Mooney,* 26 W. Va. 36, one part being legal and the other in excess or without jurisdiction, release from restraint by habeas corpus would be denied. But we have here a sentence, severable it is true, but when severed it is impossible to determine which penalty authorized under the ordinance was intended to be inflicted. In *Ex parte Mooney, supra,* the court inflicted a penalty authorized, and added thereto another penalty (a fine) which it had no power to impose. The unauthorized penalty imposed was simply excessive, separable from the authorized penalty inflicted and did not authorize discharge until the legal sentence was fulfilled. But in the instant case the judgment is uncertain, for it is impossible to say which of the authorized penalties the court intended to inflict. The validity of a similar judgment and sentence was in question in *Ex parte Page,* 77 W. Va. 467, wherein this court held that, ''A sentence of fine *and* imprisonment, on conviction, for an offense for which the punishment prescribed is a fine *or* imprisonment, is unauthorized and void; and the person detained thereunder may be discharged therefrom by such writ (habeas corpus).'' That decision controls this case, and Clovis Mount will be discharged from the effect and operation of the sentence, but not from proper prosecution of the offense for which he was arrested.

*Prisoner discharged from custody.*