# CHARLESTON.

STATE *ex rel.* LAFE CHAFIN, *Prosecuting Attorney v.* HONORABLE R. D. BAILEY, *Judge*

(No. 6354)

Submitted September 5, 1928. Decided September 11, 1928.

*H. B. Lee,* Attorney General, *R. A. Blessing* and *W. Elliott. Nefflen,* Assistant Attorneys General, and *Lafe Chafin,* Prosecuting Attorney, for relator.

*R. D. Bailey,* pro se.

LIVELY, PRESIDENT:

The State, at the relation of Lafe Chafin, Prosecuting Attorney, seeks to compel Honorable R. D. Bailey, Judge of the circuit court of Mingo county, by the peremptory writ of mandamus to pronounce sentence of death upon Clyde Beale found guilty of murder in the first degree without recommendation by a jury of that county.

The material facts set out in the petition for basis of the writ are substantially as follows: Beale was legally indicted, tried and convicted of murder in the circuit court of Mingo county, the verdict being, ''We, the jury, agree and find the defendant Clyde Beale, guilty of murder in the first degree as charged in the within indictment. D. Sisson, Foreman''. This verdict was returned on July 24, 1926, whereupon, on July 28, 1926, the court pronounced a sentence of death on the prisoner as prescribed by law and fixed the 7th day of September, 1926, for its execution by the warden of the penitentiary. A writ of error was awarded by the Supreme Court and the judgment and sentence affirmed by that Court on November 22, 1927, and inasmuch as the time for execution

of the sentence had expired the case was remanded to the circuit court of Mingo county with directions to take proper action to carry its judgment into effect. After the mandate of the Supreme Court had been received by the circuit court, the judge thereof, instead of fixing another date for the execution of Beale, on July 18, 1928, pronounced another sentence which directed that the prisoner be confined in the State Penitentiary for life. It is asserted by the state at the relation of the prosecuting attorney that the circuit court had no power or jurisdiction to pronounce a sentence of life imprisonment, and that the only sentence which the judge had jurisdiction or power to impose was the sentence of death originally pronounced by him after the coming in of the verdict, and fixing a new date for the execution, which is a mere ministerial act. And the prayer is that respondent be directed and commanded to set aside, vacate and annul the sentence pronounced by him on July 18, 1928, and to further direct and command said respondent to carry out the former judgment and the mandate of the appellate court.

The material facts of the petition are not controverted by the return to, and motion to quash, the alternative writ. The return admits the imposition of the death penalty on July 28, 1926, and which directed that the prisoner should be hanged, and that on the 18th of July, 1928, the prisoner was sentenced to confinement in the penitentiary for life, in lieu of fixing a date upon which he should be hanged. And the return says that it was not necessary for him to again impose the death sentence as that had already been done on July 28, 1926. The reasons assigned by respondent for refusing to carry out the sentence of the death penalty formerly imposed, by fixing a new date for the execution, and for entering the sentence of life imprisonment, are substantially that since the conviction and sentence of death he has been convinced of the innocence of the defendant and has felt that the prisoner had not had a fair and impartial trial before an unbiased jury of his fellowmen; and that the witnesses upon whose testimony Beale was convicted have admitted that their evidence was false and have pleaded that the life of Beale be spared.

There is little difficulty in disposing of the case under the well defined and positive law. When there has been a conviction for crime in the manner prescribed by law, it is the duty of the judge sitting in the case to pronounce the sentence which is imposed by law. He is simply the mouthpiece for the penalty fixed by the law makers. As far back as Blackstone's time this has been the law; and that eminent jurist says, "The Court must pronounce that judgment which the law hath annexed to the crime." Blackstone's Commentaries, Vol. 4, page 376. And it has been consistently held that the sentence must be responsive to the verdict and in conformity with the provisions of the governing statutes. 30. C. J. 452, sec. 724. And it is stated by Mr. Justice Field in *Graham* v. *Weeks*, 34 L. Ed. U. S. Supreme Court Reports, 1051: "It is undoubtedly the general rule that a judgment rendered by a court in a criminal case, must conform strictly to the statute, and that any variation from its provisions, either in the character or extent of the punishment inflicted, renders the judgment absolutely void." To the same effect is 8 R. C. L., p. 230, sec. 226, citing *Weems* v. *U. S.*, 217 U. S. 349. The law of this state prescribing the penalty and governing the sentence in the case of murder is found in section 2 of Chapter 144 of the Code, and section 19 of Chapter 159. Section 2, Chapter 144 says, "Murder of the first degree shall be punished with death, except as provided in Chapter 159 of this Code." And section 19 of Chapter 159 provides, "If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict find whether he is guilty of murder in the first degree or second degree. If they find him guilty of murder in the first degree, they may in their discretion further find that he be punished by confinement in the penitentiary. If such further finding be not added to their verdict, the accused shall be punished with death, but if added, he shall be punished by confinement in the penitentiary during his life." It will be observed that the jury found the defendant guilty of murder in the first degree as charged in the indictment, and made no finding that he be confined in the penitentiary for life. Acting upon that verdict the proper sentence was then pronounced. What power had the circuit court to change that sentence

after the term had ended by the imposition of a totally different one? When the case was brought to the appellate court on writ of error and no reversible error was found and the judgment and sentence affirmed, it was the plain ministerial duty of the circuit court to carry out its former sentence by fixing a new date for the execution. He had no power or authority to impose a totally new sentence lessening the punishment imposed upon the prisoner by the plain terms of the above law. This Court has held in the case of *State* v. *Haddox,* 50 W. Va. 222, that where a sentence of death has been suspended by writ of error to the appellate court and affirmed, and the time fixed in the sentence for the execution has for that reason passed, it is the ministerial duty of the trial court to enter an order fixing a further time for the execution of the sentence already pronounced, and being ministerial the prisoner is not required to be brought again before the court to hear the order fixing the new date.

To allow a trial judge after pronouncing the punishment prescribed by law upon conviction to change the sentence and impose one not authorized by law would set a dangerous precedent and place upon the trial judges power and discretion not authorized nor contemplated by law. If the trial judge could set aside the former sentence and enter a new one upon the ground of after-discovered evidence or upon the grounds stated in the return to the alternative writ, namely, perjured testimony, and belief in the prisoner's innocence, it would enable the trial judge to pass upon questions of fact and to annul in a sense the jury system which has been firmly fixed in our criminal jurisprudence. To meet the conditions which have arisen in this case, the Constitution and laws have given the Governor authority to reprieve, commute and pardon. If the prisoner be innocent, as no doubt the learned circuit court has concluded or he would not have taken this unique and unusual step, and there is new evidence which would proclaim the innocence of the prisoner or throw a reasonable doubt upon his guilt; or if there was perjured testimony upon which he was convicted, these are matters which are not within the cognizance of the trial court on which it can act at this late day, but address themselves peculiarly to the pardoning power.

We feel that the respondent has conscientiously acted, being convinced of the innocence of the prisoner, but his actions and procedure, however conscientious, are not warranted by law; and the peremptory writ of mandamus will issue.

*Writ awarded.*