RALPH H. KEMP V. STATE.

No. 26,535. October 28, 1953.

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a plea of guilty before the court, a jury being waived, appellant was adjudged guilty of the offense of rape.

The judgment alone recites the punishment fixed by the court. It is as follows, ". . . that he be punished by confinement in the state penitentiary for a term of not less than Five (5) nor more than Ten (10) years."

Such a judgment is indefinite and uncertain as to the punishment assessed and, there being no verdict, is void under the rule announced in Ex parte Traxler, 147 Tex. Cr. Rep. 661, 184 S.W. 2d 286; Edwards v. State, 153 Tex. Cr. Rep. 301, 219 S.W. 2d 1022; Ex parte East, 154 Tex. Cr. Rep. 123, 225 S. W. 2d 833.

The indictment charges the offense of rape and it was to this charge that appellant pleaded guilty and was permitted to waive a jury.

The offense of rape may be punished by death and therefore, under the express provisions of Art. 47 P.C., is a capital felony.

Art. 10 (a) V.A.C.C.P. provides for the waiver of a jury only

"in a criminal prosecution for any offense classified as a felony less than a capital offense."

Art. 12 V.A.C.C.P. provides that no person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded *unless in felony cases less than capital* a jury has been waived as provided in Art. 10(a) V.A.C.C.P.

The conviction without a jury verdict in a capital case, in violation of the statutes mentioned, cannot be upheld.

The judgment is reversed and the cause remanded.