FORREST LEE BENGE, JR. V. STATE.

No. 31,247. December 16, 1959.

*Tod R. Adams,* Crockett, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is burglary.

The record affirmatively shows that the appellant waived his right of trial by jury and entered a plea of not guilty to a single count indictment charging the felony offense of burglary.

It has been the consistent holding in an unbroken line of cases by this court that the defendant cannot waive the right of trial by jury in a felony case where he pleads not guilty. Art. 11, V.A.C.C.P.; Clark v. State, 161 Texas Cr. Rep. 278, 276 S.W.2d 819, and authorities there cited.

The plea of nolo contendere provided for in Arts. 501, 502, 505, 517, 518 and 519, C.C.P., as amended by the Acts of the 56 Legislature, 1959, is not applicable in view of appellant's positive plea of not guilty as shown by the record.

It is observed that the judgment and sentence both recite the punishment fixed by the court to be by confinement in the penitentiary for a term of not less than two 'nor more than three years. Such decrees are indefinite and uncertain as to the punishment assessed therefore they are void. Kemp v. State, 159 Texas Cr. Rep. 110, 261 S.W. 2d 573; Villarreal v. State, 166 Texas Cr. Rep. 616, 317 S.W. 2d 531.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.