STATE *ex rel.* JOHN E. KOTON, JR.

*v.*

IRA M. COINER, *Warden,* W. VA. PENITENTIARY

(No. 13159)

Submitted January 18, 1972.    Decided February 29, 1972.

*Edwin C. Runner,* for relator (Appointed by the Court).

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, Richard E. Hardison,* Assistant Attorneys General, for respondent.

CARRIGAN, JUDGE:

This is an original habeas corpus proceeding instituted in this Court on December 3, 1971, in which the petitioner, John E. Koton, Jr., seeks a writ to compel the respondent, Ira M. Coiner, Warden of the West Virginia State Penitentiary, to release him from confinement under a sentence of one to ten years, imposed by the Circuit Court of Preston County, Kingwood, West Virginia, on April 1, 1971, following a jury trial, and his conviction on March 31, 1971, upon an indictment charging him with the offense of grand larceny.

Petitioner alleged that notwithstanding his notice to the Court that he wished to appeal his conviction and requests for a free transcript and other records to perfect his appeal, he being indigent, that he had not received the same, and he had thereby been denied due process of law and his right to appeal his conviction to the Supreme Court of Appeals of West Virginia, in violation of the Constitution of the United States and of the State of West Virginia.

On the return day of the writ, January 18, 1972, this proceeding came on to be heard upon the petition, the answer of the respondent who also produced the body of the petitioner in open court, upon briefs and oral argument of counsel for the respective parties and was thereupon submitted for decision.

The answer of respondent admits petitioner's conviction and incarceration but denies that he has been unlawfully deprived of his liberty, or that he has been unlawfully deprived of his right of appellate review. It is the position of respondent that the question raised by the petitioner is moot in that on November 26, 1971, the trial court had resentenced the petitioner and had thereby breathed

new life into the time within which petitioner could appeal to this Court.

Certified copies of a part of the proceedings had and certain orders entered in the Circuit Court of Preston County disclose the following:

The petitioner had been tried and found guilty on March 31 of grand larceny on one of three indictments. Defendant by his attorney then moved to set aside the verdict, and award defendant a new trial on grounds to be assigned in writing. On April 1, in open court, the prosecuting attorney, recognizing the conviction aforesaid, moved to nolle the remaining two indictments and to withdraw exhibits used in the trial.

The transcript of the proceedings of April 1, 1971, shows that the court said: "It is the judgment of this Court you be confined in the West Virginia Medium Security Prison for a term of not less than one nor more than ten years."

By order entered on April 3, 1971, counsel for the petitioner filed a written motion to set aside the verdict and grant him a new trial, setting forth alleged specific prejudicial errors committed in the trial. On November 26, 1971, argument was heard on the aforesaid motion, the petitioner being present in court and the motion was overruled, by order entered November 29, 1971. No mention was made in this order as to any sentence or resentence of the petitioner, but the court informed petitioner that the time for filing notice of intent to appeal and for appeal started from November 26, 1971.

By order entered December 11, 1971, counsel for petitioner filed Notice of Intent to File Petition for Appeal or Writ of Error, setting forth alleged specific errors committed in the course of the criminal trial.

In resisting the argument that the order of November 29, 1971, overruling petitioner's motion for a new trial had initiated the statutory eight-month period for appeal, petitioner contends: (1) That the motion to set aside the verdict and for a new trial was a vain act in that such was

filed in his absence for the reason that he had already been taken away to begin serving his sentence and (2) that the circuit court was without jurisdiction to modify or change its final judgment of sentence after the conclusion of the March term of court which ended June 7, 1971.

The evidence before us of the judgment of the court on the verdict of the jury is a certified copy of a commitment paper committing petitioner to the custody of the Warden of the West Virginia Medium Security Prison for a period of one to ten years. This commitment paper is made in accordance with Section 10, Article 7, Chapter 62, Code of West Virginia, 1931, as amended, and was apparently used as a judgment order by the court since it was signed by the Judge on April 1, 1971, and was recorded by the circuit clerk in the order book of the court. The use of the commitment form as a judgment order of the court is not favored since as stated in *State ex rel. Roberts* v. *Tucker,* 143 W.Va. 114, 100 S.E.2d 550 (1957), at page 118, the real authority by which the warden "* * * detains the petitioner is a valid final judgment of the Criminal Court * * *" and the commitment is only evidence of such authority to hold him.

The certified copy of the order entered November 29, 1971, overruling petitioner's motion to set aside the verdict and grant a new trial, makes no mention whatsoever of any sentence or resentence of petitioner, but merely and incorrectly states that petitioner's time for filing his notice of intention to appeal and right to appeal started to run from November 26, 1971. There is no order before us which would sustain the State's contention that petitioner was resentenced on November 26, 1971.

All of the records before us show that petitioner was sentenced to the custody of the "Warden of the West Virginia Medium Security Prison."

By Chapter 103, Acts of the West Virginia Legislature, Regular Session, 1939, the former prison farm near Huttonsville was designated as the "West Virginia Medium

Security Prison" and was declared to be a part of the penitentiary.

By Chapter 148, Acts of the West Virginia Legislature, Regular Session, 1947, the 1939 Act was amended in part to establish the independence of the Medium Security Prison from the West Virginia Penitentiary.

Chapter 66, Acts of the West Virginia Legislature, Regular Session, 1970, amended and re-enacted the law as contained in the heretofore mentioned acts; designated the former Medium Security Prison as "Huttonsville Correctional Center"; further added two new sections, establishing a diagnostic and classification division within the Huttonsville Correctional Center; and also in Section 7 of the Act provided: "* * * all prisoners sentenced to the West Virginia penitentiary at Moundsville after October one, one thousand nine hundred seventy, shall, upon imposition of such sentence, first undergo diagnosis and classification at the Huttonsville correctional center." The 1970 Act became effective prior to petitioner's conviction on March 31, 1971.

Section 13, Article 3, Chapter 61 of the Code of West Virginia, 1931, as amended, provides that the punishment upon conviction of grand larceny "shall be confined in the penitentiary not less than one nor more than ten years."

Section 1, Article 5, Chapter 28, Code of West Virginia, 1931, as amended, designates the institution located in Moundsville, Marshall County as, "The West Virginia penitentiary."

Section 1, Article 5C, Chapter 28, Code of West Virginia, 1931, as amended, designates the West Virginia state prison for women as a penal institution exclusively for female prisoners and as a state penitentiary.

Since the Huttonsville Correctional Center is not designated as a penitentiary, the sentencing or claimed sentencing of petitioner on April 1, 1971, to the custody of the Warden of the West Virginia Medium Security Prison was improper and void.

It is noted that the definition of the word "penitentiary" as used in Section 1, Article 11, Chapter 61, Code of West Virginia, 1931, as amended, is restricted to its use in *that section* in distinguishing between felonies and misdemeanors and does not apply by its terms to any other section, article or chapter of the Code, including that prescribing the penalty upon conviction of grand larceny.

This Court held in *State ex rel. Nicholson* v. *Boles,* 148 W.Va. 229, 134 S.E.2d 576 (1964) and reaffirmed in *State ex rel. Boner* v. *Boles,* 148 W.Va. 802, 137 S.E.2d 418 (1964), that a judgment rendered by a court in a criminal case must conform strictly to the statute which prescribes the punishment to be imposed, and that any variations in its provisions, either in the character or extent of punishment inflicted renders the judgment absolutely void. Both of those cases were decided prior to the enactment of Article 4A, Chapter 53, Code of West Virginia, 1931, as amended, known as the Post-Conviction Habeas Corpus statute, and both recognize the right of the petitioner to be discharged from a void sentence, subject to the right of the state to proceed against him further, as provided by law. The above-mentioned Post-Conviction statute expressly authorizes the sentencing or resentencing of a petitioner in a habeas corpus proceeding.

Other issues raised by petitioner in this habeas corpus proceeding have not been passed upon inasmuch as they are premised upon a valid final judgment order having been entered by the Circuit Court of Preston County. This Court, however, has determined that proceedings in that court have not been concluded by the entry of such an order. Where the record discloses that the petitioner has been directed to a place other than that prescribed by the statute as the place of confinement for the offense committed, there is no good reason why jurisdiction of the petitioner should not be reassumed by the court that imposed the sentence in order that its error may be corrected. *In Re Bonner,* 151 U.S. 242, 38 L. Ed. 149, 14 S. Ct. 323 (1894); *Ex Parte Porter Vass and J. W. Lucas,* 90

W.Va. 220, 110 S.E. 558 (1922) and *Ex Parte Barr,* 79 W.Va. 681, 91 S.E. 655 (1916).

Under the authority granted this Court in a habeas corpus proceeding under Article 4A, Chapter 53, Code of West Virginia, 1931, as amended, known as the Post-Conviction Habeas Corpus statute, the writ of habeas corpus is granted but the petitioner is remanded to the custody of the Warden of the West Virginia Penitentiary for a period of thirty days from the date of this opinion without prejudice to the right of the state to have the petitioner taken before the Circuit Court of Preston County for the imposition of a proper sentence as directed by Section 13, Article 3, Chapter 61, of the Code of West Virginia, 1931, as amended, of confinement in the penitentiary for not less than one nor more than ten years with credit being given for the time served by the petitioner in the penitentiary since April 1, 1971, and the entry of a proper judgment order upon the verdict of guilty returned by the jury. In the event the aforesaid judgment order be not entered within thirty days from the date of this opinion, then the petitioner shall be discharged from custody.

*Writ awarded;*
*remanded with*
*directions.*