STATE OF WEST VIRGINIA

*v.*

JAMES ROGERS

(No. 14577)

Decided July 7, 1981.

*Tutwiler, Crockett, LaCaria & Murensky* and *J. Strother Crockett*, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Gregory W. Bailey*, Deputy Attorney General, for defendant in error.

PER CURIAM:

In this appeal from the Circuit Court of McDowell County, the appellant, James Rogers, seeks reversal of a final judgment which denied his motion to set aside the verdict and grant a new trial and sentenced him to one to five years in the State Penitentiary upon a jury verdict of guilty of unlawful wounding.

The appellant contends that the evidence presented by the State is insufficient to support the jury's finding of guilty of unlawful wounding. Interwoven in this argument are three distinct issues. The first issue is whether the evidence is sufficient to support the jury verdict.

The standard by which these claims are judged in criminal cases is found in Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978):

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

The appellant's counsel first asserts that the only evidence in support of the verdict is the uncorroborated testimony of the victim. This is an incorrect statement. The testimony of the victim in regard to the presence of the appellant at the scene of the crime was corroborated by several witnesses. The medical evidence corroborated the victim's testimony regarding the nature of the wound. Furthermore, there was corroborating circumstantial evidence supporting an inference that the appellant had harbored ill feelings toward the victim and therefore had a motive for the crime.

The appellant next asserts that the evidence is conflicting. This is correct. The appellant's testimony portrayed a different state of facts than that presented by the State and there was circumstantial evidence which supported the appellant's version. The jury was, however, free to believe the evidence it found most credible, and as the verdict indicates it found the State's evidence most credible. It was upon this evidence they based the verdict of guilt. Considering all of the evidence in light of the *Starkey, supra,* standard, we conclude the State's evidence

was sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt and that the evidence was not manifestly inadequate so as to warrant an interference with the verdict.

The appellant also argues that the verdict should be set aside because subsequent to the jury trial in which the appellant was found guilty of unlawful wounding, a second jury found him not guilty of the charge of "pistol toting."[1] The appellant cites no authority in support of this proposition, and we find the contention to be without merit. The two jury trials and two verdicts by different juries are legally unrelated. The fact that the second jury found the appellant not guilty of the charge of carrying an unlicensed weapon in no way affects the validity of the jury verdict finding him guilty of unlawful wounding.

Appellant next argues that this Court's double jeopardy holding in *State ex rel. Watson v. Ferguson,* 165 W.Va. 529, 274 S.E.2d 440 (1980) requires reversal of the judgment in this case. We do not agree. The *Watson* holding is procedural, is not constitutionally based, and therefore is not retroactive and does not provide relief to the appellant who was tried before it became the law.

The appellant maintains that the trial court abused its discretion by sentencing him to one to five years in the penitentiary. We have entertained claims that sentences violate State and Federal constitutional provisions against cruel and unusual punishment which require that the sentence be proportionate to the nature of the offense.[2] These claims are generally limited to sentences which have no maximum limit provided by statute, e.g., armed robbery or life recidivist sentences. *Wanstreet v. Bordenkircher,* _____ W.Va. _____, 276 S.E.2d 205 (1981). Outside these areas, however, the rule is that sentences imposed by the trial court, if within the statutory limits and if not based on some impermissible factor are not subject to appellate review.

---

[1] The record contains no information about this charge other than the assertion of counsel. Despite counsel's odd characterization of the crime, we presume the crime in question was a first offense of carrying a dangerous weapon without a license. *W.Va. Code,* 61-7-1.

[2] *See,* e.g., *State v. Houston,* _____ W.Va. _____, 273 S.E.2d 375 (1980).

*See, State ex rel. Koton v. Coiner,* 155 W.Va. 668, 187 S.E.2d 209 (1972); *State ex rel. Boner v. Boles,* 148 W.Va. 802, 137 S.E.2d 418 (1964); *State v. Boles,* 148 W.Va. 229, 134 S.E.2d 576 (1964); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 596 (1972); *United States v. Ingram,* 530 F.2d 602 (4th Cir. 1976). The appellant's sentence is clearly within the statutory guidelines, the presentence investigation recommended against probation, and there is no evidence or allegation that the sentence was based on an impermissible factor. Under the circumstances the sentence is not reviewable.

Appellant's final assignment of error is that the giving, over objection, of State's Instruction No. 3 constituted reversible error. State's Instruction No. 3 dealt with reasonable doubt. The given instruction, while not favored, has been approved by this Court. *State v. Goff,* _____ W.Va. _____, 272 S.E.2d 457 (1980); *State v. Byers,* 159 W.Va. 596, 224 S.E.2d 726 (1976).

For the foregoing reasons, the final judgment appealed from is affirmed.

*Affirmed.*