# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Roger Lee Smith,**
**Petitioner Below, Petitioner**

**vs)  No. 14-0231** (Barbour County 14-C-7)

**Karen Pszczolkowski, Warden, Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

September 19, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger Lee Smith, appearing *pro se*, appeals the February 7, 2014, order of the Circuit Court of Barbour County that denied his petition for a writ of habeas corpus. Respondent Warden,[1] by counsel Laura Young, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and a co-defendant robbed the congregation at a church during a religious service. Petitioner entered into a plea agreement, by which he agreed to plead guilty to one count of armed robbery and to cooperate in the investigation of his co-defendant. In exchange, the State agreed to dismiss the remaining twenty-three counts of the indictment and to recommend that petitioner's sentence be served concurrently with a separate sentence for an unrelated offense out of Doddridge County. On November 20, 1991, the Circuit Court of Barbour County sentenced petitioner to 100 years in prison and ordered that his sentence be served concurrently with his Doddridge County sentence.

However, on July 24, 1992, the United States District Court for the Northern District of West Virginia ("federal district court") sentenced petitioner for a separate federal felony offense and directed that its sentence be served consecutively to petitioner's sentence in the instant case. Consequently, petitioner's counsel filed a motion for reconsideration in the Circuit Court of Barbour County of sentence arguing that (1) petitioner's sentence in the instant case was too long; and (2) in the alternative, petitioner's effective sentence date in the instant case should be altered to begin after the sentenced imposed by the federal district court. Following a hearing on petitioner's

---

[1] Pursuant to Rule 41(c) of the West Virginia Revised Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

motion on December 8, 1992, the circuit court refused to reconsider petitioner's sentence on December 14, 1992.

Subsequent to the denial of his motion for reconsideration of sentence, petitioner has filed multiple petitions for a writ of habeas corpus that the circuit court has denied without a hearing and without appointing counsel. In petitioner's most recent habeas petition—his third—petitioner noted that he raised fourteen grounds in his second petition, but that "[t]he only issue reraised in this [petition] will be ineffective assistance of counsel."

The circuit court divided petitioner's ineffective assistance claims into three categories: (1) failure of counsel to conduct an adequate investigation; (2) unlawful inducement of petitioner to agree to the plea bargain, which was subsequently not followed by the circuit court; and (3) counsel's failure to file a direct appeal. First, the circuit court found that counsel undertook an adequate investigation of petitioner's case by requesting that petitioner be psychologically and physiologically examined. The examination found that petitioner was criminally responsible and competent to stand trial. Furthermore, "Petitioner's answers suggested a 'fake bad' response set, wherein an individual may try to present himself as either worse or sicker than is actually the case[.]" The circuit court further noted that the evidence against petitioner was "overwhelming." Thus, the circuit court concluded that it "cannot determine that Counsel's performance was ineffective as it relates to [the] investigation of this matter."

Second, the circuit court found that petitioner was not promised concurrent sentencing as an inducement for him to plead guilty and that the court followed the State's recommendation to direct that petitioner's sentence be served concurrently with his Doddridge County sentence. Petitioner's consecutive sentences resulted from an order of the federal district court and, therefore, "[a]ny relief from that Order should be sought in the Federal system, not through a State habeas petition." The circuit court further found that petitioner was not a victim of disparate sentencing notwithstanding the fact that petitioner's co-defendant received only fifty years in prison while petitioner received a 100-year prison term. The circuit court determined that petitioner was the more culpable co-defendant, reasoning as follows:

> The fact that the other co-defendant . . . was sentenced to 50 years was not predicated upon his going to trial or not going to trial. It was predicated upon the fact he was found guilty by a jury of his peers of the charge of armed robbery. The Court determined that [petitioner] was a more culpable defendant than [the co-defendant] in as much as [petitioner] was actually in the church with the gun[.] . . . That the [co-defendant] was much younger—looked to [petitioner] as an authority figure. And not to mitigate his culpability, but certainly [the co-defendant] did not cause the same difficulty that [petitioner] caused. That is the terrorizing of a large group of individuals, some of whom were children, and this was certainly foremost in the Court's decision to sentence [petitioner] to a term of 100 years in [prison].

The circuit court further found that (1) petitioner understood that the penalty for armed robbery was a term of not less than ten years;[2] (2) petitioner was told that "he could not later move to withdraw his plea if he received a sentence [with which] he disagreed"; and (3) petitioner entered his plea of guilty "freely, knowledgably, and voluntarily." Accordingly, the circuit court rejected petitioner's contentions that counsel unlawfully induced him to plead guilty and that the court did not follow the State's recommendation for concurrent sentencing.

Third, the circuit court found that, as a criminal defendant who entered a guilty plea, if petitioner had filed a direct appeal, he would have generally been restricted to raising (a) voluntariness of the guilty plea; and (b) legality of the sentence. *See* Syl. Pt. 1, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978). Thus, "[h]aving determined that Petitioner entered a plea voluntarily, and that the sentence in this matter was legal, it appears that counsel could reasonably have determined that there existed no non-frivolous grounds for direct appeal." Therefore, the circuit court declined to find that counsel's failure to file a direct appeal constituted ineffective assistance.[3]

As a general matter, the circuit court noted that it knew petitioner's counsel as "an able and capable attorney"[4] and, given the amount of evidence against petitioner, "counsel's negotiations on behalf of [petitioner] were extremely effective." Accordingly, the circuit court concluded that "none of the grounds in the [instant] petition are meritorious" and denied petitioner's request for habeas relief.

Petitioner now appeals the circuit court's February 7, 2014, order denying his instant habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the

---

[2] *See* W.Va. Code § 61-2-12(a).

[3] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

[4] Judge Waters presided in petitioner's criminal case, considered and denied petitioner's motion for reconsideration of sentence, and also presided in petitioner's first habeas proceeding, while Judge Moats presided in petitioner's second and third habeas proceedings. Judge Moats incorporated by reference the previous orders denying petitioner's first two habeas petitions into his February 7, 2014, order, denying the instant petition. In the instant order, Judge Moats also extensively quoted Judge Waters' findings from (1) the denial of the motion for reconsideration of sentence; and (2) the denial of the first habeas petition.

underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that (1) the circuit court erred in finding that he received effective assistance without first appointing counsel to develop evidence at a habeas corpus hearing; and (2) the circuit court erred in finding that his 100-year prison term for armed robbery was not disproportionate to the crime charged.[5] We address the second issue first because we find that petitioner had a post-conviction hearing on whether his sentence was too long on December 8, 1992, when the circuit court heard petitioner's counsel's motion for reconsideration of sentence. It was at this hearing at which the circuit court made its findings that petitioner was the more culpable co-defendant because (a) petitioner was the individual in the church with a gun; (b) petitioner's co-defendant was much younger and looked to petitioner as an authority figure, and (c) the terrorizing of a large group of individuals was foremost in the circuit court's decision to sentence petitioner to 100 years in prison. Given these findings, we conclude that petitioner and his co-defendant were not similarly situated and, therefore, the circuit court did not err in determining that petitioner's 100-year sentence did not violate the proportionality principle enshrined in the United States and West Virginia Constitutions.[6]

With regard to whether petitioner is entitled to a habeas corpus hearing on his claim of ineffective assistance of counsel, respondent warden argues that, pursuant to *Perdue*, the appointment of counsel and a habeas corpus hearing is unnecessary if the record shows to the circuit court's satisfaction that the petitioner is entitled to no relief. We agree.

---

[5] Because West Virginia Code § 61-2-12(a) does not set a maximum term for armed robbery, proportionality review is available to petitioner. *See State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981). However, as a general matter, we note that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). Given that petitioner's proportionality argument is primarily based on his contention that he is a victim of disparate sentencing, we further note that "[d]isparate sentences for codefendants are not per se unconstitutional" and that "[i]f codefendants are similarly situated, *some* courts will reverse on disparity of sentence alone." Syl. Pt. 2, in part, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984) (emphasis added).

[6] *See* U.S. Const., amend. 8.; W.Va. Const., art. 3, § 5.

In *State ex rel. Watson v. Hill*, 200 W.Va. 201, 205, 488 S.E.2d 476, 480 (1997), this Court directed the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of counsel claim. However, this Court indicated that the outcome of the case would have been different if the circuit court made findings adequate to show that petitioner's claim would have failed under the applicable *Strickland/Miller* standard for ineffective assistance,[7] stating that "[i]f that was the court's reasoning, it should have been included in the order[.]" 200 W.Va. at 204, 488 S.E.2d at 479. In the instant case, the circuit court concluded that (1) counsel's performance did not fall below an objective standard of reasonableness, stating "none of [petitioner's] grounds" in that regard were meritorious; and (2) assuming, *arguendo*, if counsel made mistakes, such errors were not the "but for" cause of petitioner's decision to plead guilty because the evidence against petitioner was "overwhelming."[8] More specifically, given the amount of evidence against petitioner, the circuit court concluded that counsel's plea negotiations on behalf of petitioner were "extremely effective." Furthermore, the circuit court supported its conclusions with findings that had such specificity that they showed that the court possessed more than a passing familiarity with both petitioner's case and petitioner's counsel. Accordingly, in light of the circuit court's satisfactory findings and conclusions, we conclude that the court did not abuse its discretion in denying petitioner's instant habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] *See* n. 3, supra.

[8] Because petitioner entered a guilty plea, the second prong of the *Strickland/Miller* standard is modified to ask whether petitioner would have insisted on going to trial, but for counsel's alleged errors. *See State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 18, 528 S.E.2d 207, 214 (1999).