# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-0193** (Kanawha County 13-F-534)

**Gregory Fugate, Defendant Below,**
**Petitioner**

**FILED**

June 15, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Gregory Fugate, by counsel L. Thompson Price, appeals the Circuit Court of Kanawha County's January 31, 2014, order denying his "motion for reconsideration of sentence" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that his consecutive sentences for daytime burglary are impermissibly excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 3, 2013, petitioner pled guilty by Information to two counts of daytime burglary. These charges stemmed from an incident in which petitioner entered two residences at the Greenbrier Apartments. In October of 2013, the circuit court sentenced petitioner to two consecutive terms of incarceration of one to ten years for each count of "daytime burglary" in violation of West Virginia Code § 61-3-11(b). Thereafter, the circuit court denied petitioner's motion for reduction of sentence without holding a hearing. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia

---

[1]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence pursuant to Rule 35(b).

1

Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). In support of his assignment of error, petitioner argues that his sentence is excessive and disproportionate to the offense because he cooperated with the authorities and the victims did not suffer any physical harm. Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's motion.

In addressing the limitation on appellate review of sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). We note that the statute under which petitioner was sentenced for "daytime burglary," West Virginia Code § 61-3-11(b), provides for an upper limit of incarceration of ten years. As such, petitioner's sentences for these crimes are not reviewable.

Furthermore, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was sentenced to two consecutive terms of incarceration of one to ten years for each count of "daytime burglary" in violation of West Virginia Code § 61-3-11(b). A review of the record shows that petitioner was sentenced to the statutory maximum for these crimes, pursuant to West Virginia Code § 61-3-11(b). It is within a trial court's discretion to run such sentences concurrently or consecutively. *See* W. Va. Code § 61-11-21. Petitioner made no claims and offered no evidence to establish that his sentence was based upon any impermissible factors.

For the foregoing reasons, the circuit court's January 31, 2014, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II