## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-1096** (Hampshire County 14-F-16)

**David E. Dailey, Defendant Below,
Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner David E. Dailey, by counsel Lary Garrett, appeals the Circuit Court of Hampshire County's October 3, 2014, order sentencing him to three consecutive terms of incarceration of five to twenty-five years for each count of first-degree sexual abuse. The State of West Virginia, by counsel David Stackpole, filed a response. On appeal, petitioner argues that his sentence for first-degree sexual abuse is disproportionate to his criminal acts.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, a Hampshire County grand jury indicted petitioner on two counts of first-degree sexual assault and one count of first-degree sexual abuse. These charges involved three minor female victims under the age of eight years old. In August of 2014, pursuant to a plea agreement, petitioner pled no contest to three counts of first-degree sexual abuse. Thereafter, the circuit court sentenced petitioner to three consecutive terms of incarceration of five to twenty-five years for each count of first-degree sexual abuse, pursuant to West Virginia Code § 61-8B-7. The circuit court also fined petitioner $1,000 for each count. It is from the sentencing order that petitioner now appeals.

On appeal, petitioner argues only that his cumulative sentence for first-degree sexual abuse is disproportionate to his criminal acts in violation of Article III, Section 5 of the West Virginia Constitution because it amounts to what petitioner considers a life sentence based upon his age.[1] Further, petitioner argues that he "spared" the victims additional trauma because they did not have to testify at his trial as a result of his plea of no contest.

---

[1]Petitioner was sixty years old at the time of sentencing.

1

In addressing the limitation on appellate review of sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). We note that the statute under which petitioner was sentenced for first-degree sexual abuse, West Virginia Code § 61-8B-7, provides for an upper limit of incarceration of twenty-five years. As such, petitioner's sentences for these crimes are not reviewable on appeal.

Furthermore, we have held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was sentenced to three consecutive terms of incarceration of five to twenty-five years for each count of first-degree sexual abuse in violation of West Virginia Code § 61-8B-7. A review of the record shows that petitioner was sentenced to the statutory maximum for these crimes, pursuant to West Virginia Code§ 61-8B-7. It is within a trial court's discretion to run such sentences concurrently or consecutively. W.Va. Code § 61-11-21. Petitioner made no claims and offered no evidence to establish that his sentence was based upon any impermissible factors.

For the foregoing reasons, the circuit court's October 3, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II