# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0006** (Mason County 12-F-73)

**William R. McDermitt,**
**Defendant Below, Petitioner**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William R. McDermitt, by counsel Shawn D. Bayliss, appeals the Circuit Court of Mason County's December 3, 2014, order denying his motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court (1) abused its discretion in denying his Rule 35(b) motion, which he claims was not adequately considered, and (2) erred in ordering his sentences to run consecutively in violation of Article III, Section 5 of the West Virginia Constitution, such that the sentence is allegedly excessive and disproportionate to the character and degree of the underlying crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, the Mason County Grand Jury indicted petitioner on charges of kidnaping, malicious assault, wanton endangerment, and felony conspiracy. Petitioner admits in his brief to this Court that he maliciously assaulted the victim, but he claims that his actions were retaliatory because the victim previously had broken into petitioner's home. The victim received serious physical injuries in the underlying incident. Soon after his arrest and indictment, petitioner posted bond in the amount of $250,000 surety with the conditions that he remain on home incarceration and have no contact with the victim.

In April of 2013, petitioner entered a guilty plea to three felony counts as charged in the indictment: (1) malicious assault, in violation of West Virginia Code § 61-2-9, (2) wanton endangerment, in violation of West Virginia Code § 61-7-12, and (3) conspiracy, in violation of 61-10-31. In exchange, the State agreed to dismiss the kidnaping charge.

1

At a sentencing hearing in November of 2013, the circuit court sentenced petitioner to a term of incarceration of two to ten years for malicious assault, five years for wanton endangerment, and one to five years for felony conspiracy. The circuit court further ordered that those sentences run consecutively to one another. However, following arguments of counsel, the circuit court suspended petitioner's prison sentence and granted his motion for alternative sentencing in the form of home incarceration.

In September of 2014, the circuit court held a hearing on the State's motion to revoke petitioner's home incarceration. The State claimed that petitioner violated the conditions of his home incarceration by failing a drug screen for heroin; possessing drug paraphernalia; possessing a bottle of pain medication for which he had no valid prescription; and possessing ammunition. Petitioner admitted to the heroin use in violation of his home confinement, but sought to be reinstated to home incarceration notwithstanding his stipulated violation. By order entered on September 16, 2014, the circuit court revoked petitioner's home incarceration and imposed the original prison sentence.

In November of 2014, petitioner filed a "Motion for Reconsideration and Reinstatement of Home Confinement" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Attached to his Rule 35(b) motion, petitioner provided the circuit court with a forensic evaluation performed by Dr. Bobby Miller that recommended returning him to home incarceration with a treatment plan to lower his risk of recidivism. Thereafter, on December 3, 2014, the circuit court denied petitioner's Rule 35(b) motion. This appeal followed.

On appeal, petitioner's first assignment of error is that the circuit court erred in denying his Rule 35(b) motion for reduction of sentence. Our review of this issue is guided by the following standard:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996). Furthermore, "[t]he abuse of discretion standard on Rule 35 motions continues the deference we have traditionally accorded trial courts in matters of sentencing." *Id*. at 301, 480 S.E.2d at 510.

In this case, contrary to petitioner's argument that the circuit court failed to adequately consider the circumstances before denying his Rule 35(b) motion, the circuit court stated in the subject order that it "carefully considered" the forensic evaluation submitted by petitioner, the presentence report, "and all other matters of record[.]" We find no support for the claim that the circuit court failed to consider matters of record, and we further find no error in those considerations. Moreover, despite his admission to violently assaulting his victim and to committing wanton endangerment and felony conspiracy, the circuit court originally granted petitioner home incarceration as an alternative to prison. While serving that alternative sentence

for these crimes, petitioner acquired, possessed, and used heroin on at least one occasion. Given the violent nature of the underlying incident and petitioner's use of a dangerous drug in violation of his home incarceration, we find that the circuit court was well within its sound discretion to deny his Rule 35(b) motion. The record on appeal clearly supports the circuit court's decision to do so. Further, while petitioner argues that the circuit court erred in providing an inaccurate and incomplete reference to this Court's opinion in *Head* in its order denying the Rule 35(b) motion, we disagree.[1] The circuit court's reference to *Head* is not inaccurate nor incomplete as a parenthetical explanation of that opinion.[2]

To the extent that petitioner argues that he was entitled to a hearing on his Rule 35(b) motion, he fails to support his assertion with legal authority. We have explained that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

*State v. Myers*, 229 W. Va. 238, 241, 728 S.E.2d 122, 125 (2012) (internal quotations and citations omitted); *see also* W. Va. R. App. P. 10(c) (providing that "[t[he brief must contain an argument exhibiting clearly the points of fact and law presented"). We note that petitioner had received multiple hearings on the issue of sentencing, and the circuit court noted that no fact or circumstance presented in petitioner's Rule 35(b) motion required further hearing. Because petitioner fails to demonstrate that a circuit court's failure to hold a further hearing on a Rule 35(b) motion is error, we find no abuse of discretion in the circuit court's order in this regard. Therefore, based on the foregoing reasons, we find no merit to petitioner's first assignment of error.

Petitioner's final assignment of error is that the circuit court erred in ordering his sentences to run consecutively in violation of Article III, Section 5 of the West Virginia Constitution, such that the sentence is allegedly excessive and disproportionate to the character

---

[1]In its December 3, 2014, order denying petitioner's Rule 35(b) motion, the circuit court provided the following citation with an accompanying parenthetical explanation of that citation: "**See State v. Head**, 198 W.Va. 298, 480 S.E.2d 507 (1996) (ordinarily, the court is to consider only events occurring in the 120 day [sic] period following sentencing)[.]" (Bold in original.)

[2]Syllabus Point 5 of *Head* provides as follows:

> When considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120–day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

and degree of the underlying crime.[3] *See* Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983) (stating that "[p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense."); Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980) (stating that "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'").

This Court generally "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, in addressing our limitations on appellate review of statutory criminal sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). Importantly, the statutes under which petitioner was sentenced (malicious assault, wanton endangerment, and felony conspiracy) each contain an upper limit of incarceration,[4] and the circuit court sentenced petitioner within those upper limits. Moreover, petitioner does not argue that the circuit court based its sentence on any impermissible factor. As such, we decline to review petitioner's sentences for his underlying crimes because they are not reviewable by this Court on direct appeal. *See also* Syl. Pt. 10, *State v. Payne*, 225 W .Va. 602, 694 S.E.2d 935 (2010) (stating that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)).").

We also note that while petitioner argues that his sentences should not have been run consecutively, circuit courts have the discretion to run sentences either consecutively or concurrently. *See* W. Va. Code § 61-11-21 (providing that "[w]hen any person is convicted of

---

[3]Article III, Section 5 of the West Virginia Constitution forbids the imposition of cruel and unusual punishment and disproportionate penalties:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same . . . .

[4]For malicious wounding, West Virginia Code § 61-2-9(a) provides for a prison term of not less than two nor more than ten years. For wanton endangerment, West Virginia Code § 61-7-12 provides for a prison term of not less than one nor more than five years or, in the discretion of the sentencing court, not more than one year. Finally, for felony conspiracy, West Virginia Code § 61-10-31 provides for a prison term of not less than one nor more than five years.

two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed."); Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979) (holding that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively.").

For the foregoing reasons, the circuit court's December 3, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED: November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II