# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0022** (Wood County 14-F-2)

**Jason Alfstad,**
**Defendant Below, Petitioner**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason Alfstad, by counsel Robin S. Bonovitch, appeals the Circuit Court of Wood County's December 11, 2014, order sentencing him to a term of incarceration of one to five years for one count of third-degree sexual assault, in violation of West Virginia Code § 61-8B-5. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court violated his federal and state constitutional rights to freedom from cruel and unusual punishment and due process by sentencing him to a prison term disproportionate to the character and degree of the underlying crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, the Wood County grand jury indicted petitioner on one count of first-degree sexual assault and one count of third-degree sexual assault for having sexual intercourse with a child under the age of sixteen years. The State alleged that petitioner provided alcohol to a twelve-year-old girl whom he then sexually assaulted.

In August of 2014, petitioner agreed to enter an *Alford* plea[1] to one count of third-degree sexual assault in exchange for the State's recommendation of home incarceration and dismissal

---

[1] An *Alford* plea, from the decision in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), allows a defendant to enter a guilty plea without admitting guilt. *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) (stating that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

1

of the remaining count in the indictment.[2] Pursuant to the agreement, the recommendation for home incarceration was not binding upon the Court. Following his plea, petitioner was psychologically evaluated. Among other findings and conclusions, the psychological report indicated that he had no history of violence; his family could provide him with support; and he had no history of violating the terms of supervision.

The circuit court held a sentencing hearing in December of 2014. Petitioner argued that he should receive home incarceration, citing his psychological evaluation and the State's recommendation for that sentence. However, the circuit court ultimately sentenced petitioner to prison for one to five years due to the nature of the offense. The circuit court also imposed a term of supervised release of twenty-five years and court costs. This appeal followed.

On appeal, petitioner's sole assignment of error is that the circuit court violated his constitutional rights to freedom from cruel and unusual punishment and due process because his prison term of one to five years is disproportionate to the underlying crime, pursuant to the Eighth Amendment to the United States Constitution[3] and Article III, Section 5 of the West Virginia Constitution.[4] *See* Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983) ("Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense."); Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980) ("Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'").

This Court generally "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, in addressing our limitations on appellate review of statutory criminal sentences, we have stated that "[s]entences imposed under statutes providing

---

[2]The parties failed to include the transcript of the plea hearing in the record on appeal.

[3]The federal prohibition of cruel and unusual punishment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

[4]Article III, Section 5 of the West Virginia Constitution forbids the imposition of cruel and unusual punishment and disproportionate penalties:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same . . . .

no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). Importantly, the statute under which petitioner was sentenced for third-degree sexual assault, West Virginia Code § 61-8B-5, provides for an upper limit of incarceration of five years. As such, petitioner's sentence for this crime is not reviewable on direct appeal. *See also* Syl. Pt. 10, *State v. Payne*, 225 W .Va. 602, 694 S.E.2d 935 (2010) (stating that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)).").

For the foregoing reasons, the circuit court's December 11, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED:  November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3