# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0266** (Monongalia County 14-F-7)

**Douglas D.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Douglas D., by counsel Cheryl L. Warman, appeals the Circuit Court of Monongalia County's February 26, 2015, order sentencing him to a cumulative prison term of 50 to 200 years, in addition to fines and a period of supervised release.[1] Respondent, the State of West Virginia, by counsel Benjamin F. Yancey III, filed a response. On appeal, petitioner argues that (1) respondent failed to prove proper venue, as required by the West Virginia Constitution; (2) the evidence was insufficient to sustain his convictions; and (3) his prison sentence of 50 to 200 years constitutes cruel and unusual punishment and is disproportionate to his crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2014, petitioner was indicted on seven felony sex offenses allegedly committed against his young son and daughter, both of whom were under the age of eleven at the time of the alleged offenses. According to the indictment, petitioner was charged with five counts of first-degree sexual assault and two counts of sexual abuse by a parent for engaging in various forms of sexual intercourse with both of his children in March of 2013.

In September of 2014, a jury trial commenced. In its case-in-chief, respondent presented a dozen witnesses, including the two minor victims, the victims' mother (petitioner's former

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 83 W.Va. 641, 398 S.E.2d 123 (1990).

wife), a pediatrician, therapists, teachers, and investigating officers. Those witnesses explained that the children stayed with petitioner at his trailer near Cheat Lake, West Virginia, for a weekend in early March of 2013. That Saturday evening at approximately 11:30 p.m., petitioner's sister entered the trailer because of her concern that petitioner was playing music at a level too loud for the children. She stated that she found petitioner drunk and had a confrontational exchange with him. Shortly thereafter, she called the police to report the loud music, and she waited nearby until officers from the Monongalia County Sheriff's Department responded. After interviewing petitioner and finding the children asleep in safe conditions, the officers left the residence.

Evidence further established that when the children's mother retrieved them at the end of the weekend, the children informed her that they did not want to return to petitioner's trailer. Over the course of the next week, the children divulged to their mother that petitioner forced them to engage in various forms of sexual intercourse and oral sex. The children later expressed these claims to both therapists and hospital personnel. Dr. Michele Ruda of the Pediatric Department of West Virginia University's Healthcare Clinic testified that she found no abnormal signs of physical injury to the children, but she explained that such a finding is not dispositive of whether or not a sexual assault occurred. She explained that in the three weeks that passed between the alleged sexual assaults and her examination, any traces of injury could have healed. Testimony also showed that the Monongalia County branch of Child Protective Services was involved in this case and that the children were interviewed by therapists at a Child Advocacy Center located in Monongalia County. At the conclusion of its deliberations, the jury returned a verdict of guilty on six of the seven charges.[2]

In February of 2015, prior to sentencing, a pre-sentence investigation report was prepared, and petitioner underwent a diagnostic evaluation, performed by the Division of Corrections, and a sex offender evaluation. At the sentencing hearing, the circuit court denied petitioner's motion for alternative sentencing and his motion to run all prison terms concurrently to each other. By order entered on February 26, 2015, the circuit court sentenced petitioner to a cumulative prison term of 50 to 200 years. By that order, the circuit court also denied petitioner's motion for a new trial. This appeal followed.

Generally, our standard of review for the circuit court's findings and rulings in a criminal case is as follows:

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 641, 535 S.E.2d 484, 485 (2000). Where specific standards of review are necessary, we provide them below.

---

[2]The jury acquitted petitioner of one count of first-degree sexual assault.

On appeal, petitioner first argues that respondent failed to prove that his underlying crimes occurred in Monongalia County, West Virginia, the venue in which petitioner was tried and convicted. Petitioner asserts that the venue of the crime is a jurisdictional element of proof in a criminal trial under article III, section 14 of the West Virginia Constitution. While petitioner acknowledges that witnesses testified that his crimes occurred in his trailer near Cheat Lake, West Virginia, he argues that no testimony or other evidence established the county in which his trailer was located. Respondent, on the other hand, argues that overwhelming circumstantial evidence demonstrated that the crimes occurred in Monongalia County.

Article III, section 14 of the West Virginia Constitution provides, in relevant part, as follows: "Trials of crimes . . . shall be . . . in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county." We have explained that "the State has the burden of proving the venue; that is, that the crime occurred in the county where the defendant is tried. This requirement arises by virtue of Article III, Section 14 of our State Constitution." *State v. Burton*, 163 W. Va. 40, 58, 254 S.E.2d 129, 140 (1979). We have further explained that "[t]he State in a criminal case may prove the venue of the crime by a preponderance of the evidence, and is not required to prove the same beyond a reasonable doubt." *Id*. at 41, 254 S.E.2d at 131, syl. pt. 5. Importantly, "[i]t has long been established in our law that venue can be established by circumstantial evidence." *Id*. at 58, 254 S.E.2d at 140. In reviewing whether venue was proved by proper circumstantial evidence, this Court has previously considered which county sheriff's department was involved in the underlying criminal investigation. *Id*. at 59, 254 S.E.2d at 141.

In this case, the circumstantial evidence clearly established that the crimes occurred in petitioner's trailer near Cheat Lake, West Virginia, which is located in Monongalia County, West Virginia. Trial testimony revealed that the children were at petitioner's trailer for the weekend of March 1, 2013, and during that weekend, petitioner sexually assaulted both children. Evidence also established that on March 2, 2013, at approximately 11:30 p.m., petitioner's sister called the police and lodged a noise complaint against petitioner due to loud music emanating from his trailer. Respondent's witnesses testified that the Monongalia Sheriff's Department responded to that complaint. Additionally, testimony proved that the Monongalia County branch of Child Protective Services was involved in this case and that the children were interviewed at the Monongalia County Child Advocacy Center. Given the overwhelming circumstantial evidence of the county in which these crimes occurred, most notably provided by evidence of the involvement of Monongalia County authorities throughout these proceedings, we find no merit to petitioner's first assignment of error.

Next, petitioner argues that the evidence presented at trial was insufficient to sustain his guilt on any of the indicted charges beyond a reasonable doubt. This Court has long held that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable

to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 663, 461 S.E.2d 163, 169 (1995). We have further long held that

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id*. at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

In this case, petitioner argues that the children's statements were incredible and the children were coached by their mother due to the on-going family court litigation and fighting between petitioner and the children's mother. Petitioner also notes that the medical evidence failed to establish that the children were sexually assaulted. Following a thorough review of the parties' briefs, the record on appeal, and all pertinent legal authority, we find no error in the jury's verdict. Contrary to petitioner's claim, which highlights only evidence favorable to his argument, the evidence presented to the jury in this case clearly supports the finding that multiple sexual assaults occurred as charged.

Petitioner was convicted of multiple counts of first-degree sexual assault and sexual abuse by a parent. To convict petitioner of first-degree sexual assault, respondent had to prove that petitioner, "being fourteen years old or more, engage[d] in sexual intercourse or sexual intrusion with another person who [wa]s younger than twelve years old and [wa]s not married to that person." W.Va. Code § 61-8B-3(a)(2). By statute, "'[s]exual intercourse' means any act between persons involving penetration, however slight, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person." W.Va. Code § 61-8B-1(7). Petitioner was also convicted of sexual abuse by a parent. To be convicted of sexual abuse by a parent, respondent had to prove that petitioner was the children's father and engaged in "sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control[.]" W.Va. Code § 61-8D-5.

Here, the children testified that petitioner forced them both to engage in anal intercourse, vaginal intercourse, and oral sex. In addition to the children's testimony, it is undisputed that petitioner was the children's father. While petitioner discounts the children's testimony as incredible and uncorroborated by medical evidence, we have previously held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless

such testimony is inherently incredible[;] the credibility is a question for the jury." Syl. Pt. 5, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). The children's testimony and related evidence, as provided by their mother and therapists, was sufficient to support the jury's guilty verdict beyond a reasonable doubt. We find no indication in the record that the children's testimony was inherently incredible in this case. Further, the jury heard the testimony of the children, their mother, and their therapists, and it found that testimony credible. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). When viewed in the light most favorable to respondent, the evidence clearly supports the jury's verdict beyond a reasonable doubt. As such, we find no error.

Petitioner's final assignment of error is that the circuit court erred in sentencing him to an aggregate prison term of 50 to 200 years, which constituted cruel and unusual punishment and was disproportionate to his crimes in violation of constitutional safeguards.[3] *See* Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980) (holding that "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'"); Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983) (holding that "[p]unishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.").

This Court generally "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, in addressing our limitations on appellate review of challenges to the proportionality of statutory criminal sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). Importantly, the statutes under which petitioner was sentenced for first-degree sexual assault (West Virginia Code § 61-8B-3) and sexual abuse by a parent (West Virginia Code § 61-8D-5) provide for upper limits of incarceration, which were imposed in this case. As such, petitioner's prison sentences for these crimes are not reviewable on a proportionality challenge on direct appeal. *See also* Syl. Pt. 10,

---

[3]Article III, Section 5 of the West Virginia Constitution forbids the imposition of cruel and unusual punishment and disproportionate penalties:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same . . . .

*State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010) (stating that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982))."). Therefore, we decline to review the proportional constitutionality of petitioner's prison sentences in this matter. We further find that petitioner's argument that his prison sentences are otherwise constitutionally cruel and unusual must fail for reasons previously cited. The record on appeal is clear that the circuit court sentenced petitioner within statutory limits and not based upon any impermissible factor.

For the foregoing reasons, the circuit court's February 26, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II