# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-1118** (Mercer County 11-F-83)

**Mark K. McBride,**
**Defendant Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mark K. McBride, by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's August 20, 2015, order sentencing him to a term of incarceration of ten to eighteen years for one count of second-degree robbery, in violation of West Virginia Code § 61-2-12.[1] The State of West Virginia, by counsel Julie A. Warren, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court violated his federal and state constitutional rights to be free from cruel and unusual punishment by sentencing him to a prison term disproportionate to the character and degree of the underlying crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2011, the Mercer County grand jury indicted petitioner on one count of first-degree robbery. This charge stemmed from an incident in which petitioner forcibly removed the victim from her vehicle and drove away.

Following a jury trial, petitioner was convicted of second-degree robbery. The State filed a recidivist information asserting that petitioner was previously convicted of possession of a deadly weapon on the premises of an educational facility. Petitioner's recidivist trial commenced in September of 2011, and the jury found that petitioner was the person named in the recidivist information and was a recidivist. The circuit court immediately sentenced petitioner to a term of incarceration of five to eighteen years for his conviction of second-degree robbery, and pursuant

---

[1]The circuit court enhanced petitioner's sentence pursuant to West Virginia Code § 61-11-18(a).

1

to the recidivist statute, enhanced petitioner's sentence for a cumulative sentence of ten to eighteen years of incarceration. This appeal followed.

On appeal, petitioner's sole assignment of error is that the circuit court violated his constitutional rights to be free from cruel and unusual punishment because his cumulative prison term of ten to eighteen years is disproportionate to the underlying crime, pursuant to the Eighth Amendment to the United States Constitution[2] and Article III, Section 5 of the West Virginia Constitution.[3] *See* Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983) ("Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense."); Syl. Pt. 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980) ("Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'").

This Court generally "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, in addressing our limitations on appellate review of statutory criminal sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). The statute under which petitioner was sentenced for second-degree robbery, West Virginia Code § 61-2-12, provides for an upper limit of incarceration of eighteen years. Petitioner's sentence does not exceed the statutory maximum. As such, petitioner's sentence for this crime is not reviewable on direct appeal. *See also* Syl. Pt. 10, *State v. Payne*, 225 W .Va. 602, 694 S.E.2d 935 (2010) (stating that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)).").

---

[2]The federal prohibition of cruel and unusual punishment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

[3]Article III, Section 5 of the West Virginia Constitution forbids the imposition of cruel and unusual punishment and disproportionate penalties:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same . . . .

Additionally, the Court finds no error in the circuit court's denial of petitioner's request for alternative sentencing. As we have previously noted, "'[p]robation is a matter of grace and not a matter of right.' Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). In the instant matter, it is clear that petitioner was not entitled to alternative sentencing as evidenced by his criminal history, which includes possession of a deadly weapon, violating a domestic violence protection order, battery, receiving a stolen vehicle by means of carjacking, and driving under the influence. Petitioner also previously violated conditions of his parole in 2008. Finally, petitioner had recently been indicted on three counts of delivery of a schedule II controlled substance in Summers County. As such, the Court finds no error in the circuit court's denial of petitioner's request for alternative sentencing or in the sentence imposed.

For the foregoing reasons, the circuit court's August 20, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED:** November 14, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II